PROB 12C
(6/16)

Report Date: August 10, 2017

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2017

SEAN F. McAVOY, CLERK

# United States District Court

for the

Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Anthony Ray Escobar                Case Number: 0980 2:11CR00017-RMP-1

Address of Offender:                 Richland, Washington 99352

Name of Sentencing Judicial Officer: The Honorable Ann D. Montgomery, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: February 26, 2003

| | | |
|---|---|---|
| Original Offense: | Narcotics, 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A) | |
| Original Sentence: | Prison - 121 months; TSR - 60 months | Type of Supervision: Supervised Release |
| Revocation Sentence: June 24, 2015 | Prison - 8 months; TSR- 42 months | |
| Asst. U.S. Attorney: | TBD | Date Supervision Commenced: February 5, 2016 |
| Defense Attorney: | Alex B. Hernandez, III | Date Supervision Expires: August 4, 2019 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number    Nature of Noncompliance

1    **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Supporting Evidence**: Anthony Escobar is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine on or prior to March 15 and 23, 2017.

On February 5, 2016, the offender signed his conditions of release stating he understood he could not use controlled substances.

On September 6, 2016, the offender signed his Treatment Services Contract Program Plan which scheduled him for random urinalysis testing and for an assessment for chemical dependency treatment. This plan directed the offender to call a color line with First Step

Community Counseling daily and to report for random urinalysis testing when the color Brown was called.

On March 15, 2017, the offender was directed to provide a random urinalysis test at the probation office in Richland. The sample returned presumptive positive for the presence of methamphetamine and was forwarded for confirmation.

On March 20, 2017, the sample was confirmed positive for the presence of methamphetamine.

On March 23, 2017, the offender was called into First Step Community Counseling for a random urinalysis test. The sample returned presumptive positive for the presence of methamphetamine. The defendant denied using methamphetamine and signed a denial form stating he had not used. The sample was sent for confirmation.

On March 30, 2017, the sample was confirmed positive for the presence of methamphetamine.

2  **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Supporting Evidence**: Anthony Escobar is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to May 31, 2017.

On February 5, 2016, the offender signed his conditions of release stating he understood he could not use controlled substances.

On September 6, 2016, the offender signed his Treatment Services Contract Program Plan which scheduled him for random urinalysis testing and for an assessment for chemical dependency treatment. This plan directed the offender to call a color line with First Step Community Counseling daily and to report for random urinalysis testing when the color Brown was called.

On May 31, 2017, the offender was directed to provide a random urinalysis test at the probation office in Richland. The sample returned presumptive positive for the presence of methamphetamine. The offender signed a denial form stating he had not used methamphetamine. The sample was forwarded for confirmation.

On June 4, 2017, the sample was confirmed positive for the presence of methamphetamine.

3  **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Supporting Evidence**: Anthony Escobar is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to June 21, 2017.

On February 5, 2016, the offender signed his conditions of release stating he understood he could not use controlled substances.

On September 6, 2016, the offender signed his Treatment Services Contract Program Plan which scheduled him for random urinalysis testing and for an assessment for chemical dependancy treatment. This plan directed the offender to call a color line with First Step Community Counseling daily and to report for random urinalysis testing when the color Brown was called.

On June 21, 2017, the offender was directed to report to First Step Community Counseling to provide a random urinalysis sample. The sample returned presumptive positive for the presence of methamphetamine. The defendant signed a denial form stating he had not used methamphetamine. The sample was forwarded for confirmation.

On June 26, 2017, the sample returned positive for the presence of methamphetamine.

4  **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Supporting Evidence**: Anthony Escobar is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to July 24, 2017.

On February 5, 2016, the offender signed his conditions of release stating he understood he could not use controlled substances.

On September 6, 2016, the offender signed his Treatment Services Contract Program Plan which scheduled him for random urinalysis testing and for an assessment for chemical dependancy treatment. This plan directed the offender to call a color line with First Step Community Counseling daily and to report for random urinalysis testing when the color Brown was called.

On July 24, 2017, the offender was directed to report to First Step Community Counseling to provide a random urinalysis sample. The sample returned presumptive positive for the presence of methamphetamine. The defendant signed a denial form stating he had not used methamphetamine. The sample was forwarded for confirmation.

On July 30, 2017, the sample was confirmed positive for the presence of methamphetamine.

5  **Special Condition # 16**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

        **Supporting Evidence**: Anthony Escobar is considered to be in violation of his period of supervised release by failing to report for random urinalysis testing on May 17, 2017, May 22, 2017, and June 27, 2017.

        On September 6, 2016, the offender signed his Treatment Services Contract Program Plan which scheduled him for random urinalysis testing and for an assessment for chemical dependancy treatment. This plan directed the offender to call a color line with First Step Community Counseling daily and to report for random urinalysis testing when the color Brown was called.

        On each of the dates listed above, the color Brown was listed on the color line. The offender failed to report as directed.

6        **Special Condition # 15**: You shall participate in a program for drug and alcohol abuse at the direction of the probation officer. That program may include testing and inpatient or outpatient treatment, counseling or support group.

        **Supporting Evidence**: Anthony Escobar is considered to be in violation of his period of supervised release by failing to report for chemical dependency treatment on July 18, 2017, and July 27, 2017.

        The offender was assessed as needing intensive outpatient drug treatment. The offender failed to report for his regularly scheduled treatment sessions on the dates noted above.

7        **Standard Condition #3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

        **Supporting Evidence**: Anthony Escobar is considered to be in violation of his period of supervised release by failing to report as directed on August 9, 2017.

        On August 8, 2017, contact was made with the offender at his residence. He was directed to report to the probation office at 10 a.m. on August 9, 2017, so we could discuss his ongoing violations and how they might be addressed. The offender failed to report or make any contact with this officer.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer to the allegations contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on:   08/10/2017

        s/David L. McCary

        David L. McCary
        U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

_____8/10/2017_____
Date