PROB 12C
(6/16)

Report Date: November 30, 2018

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2018

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Anthony Ray Escobar        Case Number: 0980 2:11CR00017-RMP-1

Address of Offender:                Pasco, Washington 99301

Name of Sentencing Judicial Officer: The Honorable Ann D. Montgomery, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: February 26, 2003

Original Offense:       Narcotics, 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A)

Original Sentence:      Prison 121 months; TSR - 60 months        Type of Supervision: Supervised Release

Revocation Sentence:
June 24, 2015           Prison- 8 months; TSR- 42 months

Revocation Sentence:
September 28, 2017      Prison- 7 months; TSR- 35 months

Asst. U.S. Attorney:    Shawn N. Anderson        Date Supervision Commenced: March 20, 2018

Defense Attorney:       Daniel N. Rubin          Date Supervision Expires: February 19, 2021

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number        Nature of Noncompliance

    1                   **Mandatory Condition # 1**: You must not commit another Federal, state, or local crime.

                        **Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by committing the offense of driving with a suspended license in the third degree, on or prior to October 16, 2018.

                        On March 22, 2018, the offender signed his Judgement in a Criminal Case stating he understood he was not to commit any additional law violations.

Prob12C
Re: Escobar, Anthony Ray
November 30, 2018
Page 2

On October 16, 2018, the offender was contacted by an officer with the Union Gap Police Department after the offender's tail lights were found to be defective. The officer was able to confirm the offender's drivers license was suspended in the third degree and issued a citation under case number 18U005396. The matter is currently pending.

2    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to report for random urinalysis testing on or prior to November 6, 2018.

On March 22, 2018, the offender signed his Judgement in a Criminal Case stating he understood he was required to attend random urinalysis testing.

On October 4, 2018, the offender signed the Treatment Services Contract Program Plan noting he understood he needed to call Merit Resource Services on a daily basis and report for random urinalysis testing when the color Brown was noted. The offender refused to sign the release of information with Merit Resource Services as he wanted to speak with his attorney. Time was given and he signed the release of information on October 11, 2018.

On November 6, 2018, the color Brown was called and the offender failed to report for random urinalysis testing.

3    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to September 28, 2018, and October 15, 2018.

On March 22, 2018, the offender signed his Judgement in a Criminal Case stating he understood he was not to use illegal controlled substances. On March 21, 2018, the offender signed his Treatment Services Contract Program Plan indicating he understood he was to call daily and report for drug testing when the color Brown was noted.

On September 28, 2018, the offender reported for a random drug test after the color Brown was called. The initial test was presumptive positive for the presence of methamphetamine. The offender denied any use and the sample was forwarded to Alere for confirmation. The sample returned positive for the presence of methamphetamine on October 5, 2018.

Prob12C
**Re: Escobar, Anthony Ray**
**November 30, 2018**
**Page 3**

On October 15, 2018, the offender reported for a random drug test after the color Brown was called. The initial test was presumptive positive for the presence of methamphetamine. The sample was forwarded to Alere and the sample was confirmed positive for the presence of methamphetamine on October 22, 2018.

4     **Standard Condition # 10**: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (ie. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by possessing a belt knife while attempting to report to the probation office on September 11, 2018.

On March 22, 2018, the offender signed his Judgement in a Criminal Case stating he understood he could not possess a dangerous weapon.

On September 11, 2018, the offender attempted to pass through a second checkpoint at the Richland Federal Courthouse when security noted a knife in his belt buckle on the x-ray machine. The offender was stopped and the belt was checked. Contained inside of the buckle was a small dagger style knife. The belt and knife were taken by this officer as evidence.

5     **Standard Condition # 9**: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to report contact with law enforcement on September 20, 2018, October 9 and 16, 2018.

On March 22, 2018, the offender signed his Judgement in a Criminal Case stating he understood he was to report contact with law enforcement within 72 hours.

On September 20, 2018, officers with the Criminal Apprehension Team (CAT) in Kennewick made a stop on a vehicle and the offender immediately stepped out of the vehicle. The offender stood by the car as officers dealt with four other passengers at the traffic stop. To date, the offender has not advised undersigned of the contact.

On October 9, 2018, officers with the Criminal Apprehension Team (CAT) in Kennewick made contact at a residence regarding a warrant. As officers arrived, two individuals left the porch and approached their vehicle. Once the officers identified themselves, "both males fled back to the residence." Officers noted they "recognized both as Santiago Ayala-Pineda and Anthony Escobar." The offender has not advised the undersigned of this contact.

Prob12C
**Re: Escobar, Anthony Ray**
**November 30, 2018**
**Page 4**

On October 16, 2018, the offender was contacted by an officer with the Union Gap Police Department after his taillights were found to be defective. The officer cited him for driving with a suspended licence. The offender failed to advise the undersigned of the contact with law enforcement. The contact was brought to his attention on November 14, 2018, during an office contact.

6   **Standard Condition #8**  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**Supporting Evidence**:  The offender is considered to be in violation of his period of supervised release by having contact with Santiago Ayala Pineda, a convicted felon, on or prior to October 9, 2018, and Jose Alonso Ocampo, a convicted felon, on or prior to October 16, 20180.

On March 22, 2018, the offender signed his Judgement in a Criminal Case stating he understood he was not to interact with a person having a felony conviction.

On October 9, 2018, the offender was contacted at a residence in Kennewick with Mr. Santiago Ayala Pineda. Mr. Ayala Pineda has been convicted of four prior felonies including drugs, residential burglary, community custody violator, and assault 3rd with bodily harm. Mr. Ayala Pineda is a documented member of the Mexican Stand Proud street gang.

On October 16, 2018, the offender was contacted by the Union Gap Police Department as noted in violations 1 and 5. During the contact officers identified Jose Alonso Ocampo as the passenger in the vehicle. Mr. Ocampo has an active Department of Corrections warrant for his arrest for escape from community custody which he was detained on. Mr. Ocampo has felony convictions for firearms possession and unlawful imprisonment.  Mr. Ocampo is a documented member of Playboy Soreno Street gang out of Yakima. This is the same street gang the offender has affiliated with.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   11/30/2018

s/David L. McCary

David L. McCary
U.S. Probation Officer

Prob12C
**Re: Escobar, Anthony Ray**
**November 30, 2018**
**Page 5**

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

                                              Signature of Judicial Officer

                                              11/30/2018

                                              Date