PROB 12C
(6/16)

Report Date: June 14, 2019

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2019

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Anthony Ray Escobar          Case Number: 0980 2:11CR00017-RMP-1

Address of Offender:                    , Pasco, Washington 99301

Name of Sentencing Judicial Officer: The Honorable Ann D. Montgomery, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: February 26, 2003

| | | |
|---|---|---|
| Original Offense: | Narcotics, 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A) | |
| Original Sentence: | Prison - 121 months;<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(June 24, 2015) | Prison - 8 months;<br>TSR - 42 months | |
| Revocation Sentence:<br>(September 28, 2017) | Prison - 7 months;<br>TSR - 35 months | |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: March 20, 2018 |
| Defense Attorney: | John Stephen Roberts, Jr. | Date Supervision Expires: February 19, 2021 |

### PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 11/30/2018, 12/19/2018, 1/09/2019, and 2/28/2019.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 10 | **Special Condition # 3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: The offender is considered to be in violation of his term of supervised release by being removed from chemical dependency treatment on or before March 26, 2019.

On March 22, 2018, the offender signed his judgement in a criminal case stating he understood he was to undergo a chemical dependency treatment assessment and successfully complete treatment.

On March 26, 2019, the offender met with his chemical dependency treatment counselor at First Step Community Counseling Services to complete an updated assessment. A status report was received on April 2, 2019, stating the following: "Mr. Escobar arrived for a scheduled appointment with a primary counselor on March 26, 2019. Once in the office, Mr. Escobar was asked about his court appearance and immediately he refused to "talk about the past." He proceeded to interrupt when being asked any questions regarding his past behaviors or past and current use. He stated "I want an assessment so I can go to Inpatient treatment." I told him in order for him to have an assessment he would have to answer questions about his past and current use, behaviors, and legal issues as well as meet diagnostic criteria for needing Intensive Inpatient. He stated that he was not willing to answer any of those questions at all. It was once again explained to Mr. Escobar the procedure for an assessment. He stated that he plans on being untruthful because he wasn't going to allow others to use his actions against him. I explained to Mr. Escobar that based on his current situation and his own statements made during this appointment that I could not assess him appropriately and would not be dishonest in order for him to seek inpatient treatment. Mr. Escobar stated, "I'm a top dog in Yakima and you have no idea what I am able to do, so watch out." He was asked to leave the appointment at that time and told that he would have to seek services elsewhere due to being verbally aggressive with me."

Mr. Escobar was removed from services.

11 **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his term of supervised release by failing to report for random drug testing on April 15, 18, and May 6, 2019.

On March 22, 2018, the offender signed his judgement in a criminal case stating he understood he was to report for random drug testing.

On October 4, 2018, the offender signed the Treatment Services Contract Program Plan noting he understood he needed to call Merit Resource Services on a daily basis and report for random urinalysis testing when the color brown was noted.

On April 15, 18, and May 6, 2019, the color brown was called but the offender failed to report.

12    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his term of supervised release by using a controlled substance, methamphetamine, on or prior to May 9, 2019.

On March 22, 2018, the offender signed his judgement in a criminal case stating he understood he was not to use controlled substances.

On May 9, 2019, the offender reported to Somerset Counseling Center, LLC in Richland, Washington, to provide a random drug test for treatment. The sample returned presumptive positive for methamphetamine and was forwarded to Cordant Health Solutions for confirmation.

On May 16, 2019, the sample was confirmed positive for the presence of methamphetamine.

13    **Mandatory Condition #1**: You not commit another federal, state, or local crime.

**Supporting Evidence**: The offender is considered to be in violation of his term of supervised release by committing the offenses of driving while license suspended in the third degree, on or prior to June 5, 2019.

On March 22, 2018, the offender signed his judgement in a criminal case stating he understood he was not to commit any federal, state, or local crime.

On June 5, 2019, officers with the Union Gap Police Department were summonsed to a possible burglary in progress. The suspect vehicle passed by responding officers and contact was made. Reports noted the offender was the driver of the vehicle and it was verified he was suspended in the third degree. The offender was cited and released at the scene. The case is pending under case number 19U002753, in Yakima County District Court.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    6/14/19

s/David L. McCary

David L. McCary
U.S. Probation Officer

THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [X] Defendant to appear before the Judge assigned to the case.
- [ ] Defendant to appear before the Magistrate Judge.
- [ ] Other

_____
Signature of Judicial Officer

6/14/2019
_____
Date